## OASIS OIL CO. v. BELL OIL & GAS CO. et al.

### No. 5155–Civil.

United States District Court
W. D. Oklahoma.
Aug. 8, 1952.

Reily, Reily & Spurr, Shawnee, Okl., for plaintiff.

Conner, Winters, Lee & Randolph, Tulsa, Okl., Wilson & Wilson, Frederick, Okl.,

Dawson, Jones, Parish & Fillmore, Wichita Falls, Tex., Donald & Donald, Bowie, Tex., and T. B. Coffield, Bowie, Tex., for defendants.

WALLACE, District Judge.

The plaintiff, Oasis Oil Company, a Texas corporation, instituted suit against the defendant, Bell Oil & Gas Company, a Delaware corporation, to recover monies withheld for oil runs purchased by the defendant from a well located on an oil and gas lease allegedly owned by the plaintiff. The amount in controversy exceeds the jurisdictional minimum required by 28 U.S.C.A. § 1332.

The defendant, Bell Oil & Gas Company, filed an answer admitting that it is and has been the purchaser of oil runs from the lease in controversy and admitting that it is indebted to someone for the oil purchased and run from the lease, but by means of a counterclaim for interpleader under Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C.A., interpleads James Fish and G. D. Crockett, both citizens of Texas, as parties who claim an interest in the lease and the money due from the oil purchased by the defendant.

The interpleaded defendant, G. D. Crockett, filed an answer to the interpleader action and also a cross-claim against James Fish and the Oasis Oil Company, alleging that there was an oral contract by and between Crockett and Fish whereby Crockett was to receive a conveyance of one-half of any interest in the lease which Oasis assigned to Fish. It was further alleged that no assignment was made to Fish by Oasis due to the actions of those parties in failing to attempt to have the assignment approved by the United States Department of the Interior (the lease being a government lease on government land). Thus Crockett alleges collusion between Oasis and Fish to prevent his acquiring a claimed interest under the alleged oral contract and seeks the appointment of a receiver to obtain approval of an assignment from Oasis to Fish and specific performance of the alleged oral agreement for a conveyance or assignment from Fish to Crockett of one-half of the interest which Fish may

obtain from the Oasis Oil Company. In the alternative, damages are sought.

The interpleaded defendant, James Fish, filed an answer to the interpleader action of Bell Oil & Gas Company alleging that his contract with Oasis was dependent upon approval by the Department of the Interior and that no approval had been given. Thus it is alleged that Bell Oil & Gas wrongfully withheld the money from the plaintiff since the plaintiff was the only owner of the lease pending approval of the transfer of an interest in the lease to Fish. Fish also filed a reply to the counterclaim of Crockett alleging that he had had conversations with Crockett concerning the transfer of a one-half interest of that part of the lease which might be obtained from Oasis, but denied that any oral contract had been consummated and alleged that any interest obtained from Oasis was for his benefit solely. It was further alleged that due to the act of Crockett in filing an affidavit in Tillman County, Oklahoma, to the effect that he owned an interest in the lease, that he, Fish, could not get approval of his contract with the Oasis Oil & Gas Company, and damages are sought from Crockett for loss of benefits under his contract with Oasis.

The Oasis Oil Company also filed a reply to the counterclaim of Crockett alleging no knowledge of the purported oral agreement by and between Fish and Crockett, and further alleging that Crockett had attempted to deal with Oasis unsuccessfully. It was also alleged that Oasis had attemped to have a partial assignment of the lease to Fish approved by the Department of the Interior, but that due to the action of Crockett in filing the affidavit and other efforts of Crockett to obtain an interest in the lease that the assignment was rejected by the Department.

The facts will clarify the respective positions taken by the various parties in their pleadings. The Oasis Oil Company is the owner and holder of a good and valid oil and gas lease covering certain tracts of land in Tillman County, Oklahoma. This lease was acquired from the United States of America on January 18, 1949. During the latter part of January, 1951, the Oasis

Oil Company began negotiations to get their government lease developed. Both Crockett and Fish were contacted by the officers of the company to see what kind of a contract could be drawn. At that stage of the negotiations neither of the two interpleaded parties had been associated together in any way nor had they known each other prior to that time. However, during the days following, Crockett and Fish met and it was discovered by each of them that they were both independently attempting to get a contract with Oasis. Shortly before the contract with Oasis was awarded to James Fish, Crockett arranged a meeting with Fish at the bus station in Wichita Falls, Texas. It was the conversation there at the bus station which Crockett claims as the basis for the alleged oral agreement which Fish denies. No one else was present at that meeting and the evidence of the two interpleaded defendants is directly in conflict as to the conversation which took place.

Shortly after the meeting at the bus station, Fish was awarded the contract to develop the lease of Oasis. In the contract it was recited in effect that Fish was to drill and equip the lease on certain terms and in return was to receive an assignment of a one-half interest in the lease, subject to approval by the Department of the Interior. There was also a clause in the contract, inserted at the insistence of Oasis, to the effect that no sale or assignment could be made by Fish of any part of his interest without first giving Oasis an option to purchase such interest.

Under the contract between Oasis and Fish two wells were drilled, one resulting in a producer and one a dry hole. This was prior to the refusal of the Secretary of the Department of the Interior to approve the assignment of an interest in the lease to James Fish. The evidence is not entirely clear regarding the reason the assignment to Fish was never approved, but it appeared to be due to insufficient information furnished to the Department concerning the proposed assignee and the failure to remit a required $10 filing fee. Regardless of this, the assignment was refused and could have been refused on other grounds.

Without elaborating on the evidence introduced at the trial, it should suffice to say that it consisted mainly of the following:

1. Evidence that Crockett filed an affidavit in Tillman County, Oklahoma, claiming an interest in the disputed lease.

2. Testimony of Crockett concerning his alleged oral agreement with Fish for Fish to make a contract with Oasis and to take the contract in both their names, the two parties to share the expense of development and share any assignment of interest on a 50–50 basis.

3. Testimony of witnesses for Crockett that they had heard James Fish say on different occasions that Crockett had an interest in his contract with Oasis.

4. Denial by Fish of any oral agreement with Crockett and denial of any statements to others that Crockett had any interest in the contract between him and Oasis.

5. Testimony of a witness for Fish that Crockett had made the statement in the presence of the witness, and after it appeared that the first well was going to be a dry hole, to the effect that "I'll bet old Jim Fish wishes I were in on his deal so we could share the loss".

6. Testimony of Oasis that it refused to negotiate with Crockett and that it knew of no arrangement between Crockett and Fish if such an arrangement did exist.

7. The contract between Oasis and Fish.

8. A letter from Crockett to Fish demanding an assignment of a one-half interest of the interest which Fish obtained from Oasis.

9. A letter from Fish to Oasis furnishing information on his citizenship for the use of the Department of the Interior in passing on the assignment, and a demand from Fish that Oasis attempt to get the approval of the Department on the assignment.

It is the contention of Crockett that he is entitled to specific performance of his alleged oral agreement with Fish or in the alternative to money damages. The theory advanced to avoid the statute of frauds,

since the alleged oral agreement was for a conveyance of assignment of an interest in realty, is that a constructive trust should be impressed upon the property. The evidence disclosed that Crockett did not furnish any of the labor or materials used in drilling the two wells, but his testimony was that he tendered his part which Fish would not accept.

■ A court of equity will impress a constructive trust upon property in the proper case, and under certain circumstances the statute of frauds is not applicable. However, before a constructive trust upon realty may be established by parol evidence, such evidence must be clear, unequivocal and decisive. A striking similarity exists between the parol evidence relied upon to establish a constructive trust in this case and that found in the case of Johnson v. Rowe, 185 Okl. 60, 89 P.2d 955. The court in the Johnson case refused to impress a constructive trust upon property on the strength of the parol evidence introduced. That case is not decisive here, but this court upon all of the evidence also finds that no oral agreement between Crockett and Fish was consummated nor is there sufficient proof to impress a constructive trust upon the property.

■ Title 30 U.S.C.A. § 187a provides in part that the assignment of an interest in a government lease must be approved by the Secretary of the Interior before the assignment becomes valid. It also provides for certain contingencies which must be met. This court on the evidence before it cannot say whether the attempted assignment to Fish from Oasis under their contract would or would not be approved, and until such approval was forthcoming, Fish did not receive an interest in the controverted lease. Under these circumstances, Oasis Oil Company was the sole record holder of the lease and was entitled to all of the oil runs from the well on the lease.

Toward the end of the trial, James Fish put on testimony of the cost to him of drilling and equipping the two wells under his contract with Oasis. He then stated in open court that he would disclaim all interest in the lease in controversy if he could recover from Oasis Oil Company for the labor and materials expended in developing the lease. This proposal was accepted by the Oasis Oil Company. It should be stated that the court specifically finds that there was no collusion between Fish and Oasis concerning their contract or the lease property involved in this case.

Prior to the trial the court ordered the Bell Oil & Gas Company to pay all proceeds from oil runs into the registry of the court pending a final determination of the case upon its merits. Subsequent to that order, Oasis Oil Company filed a motion to release one-half of the money paid into court by the Bell Oil & Gas Company for the oil runs purchased. This motion was granted on the approval of all parties, there being no dispute as to ownership of one-half of the leased premises.

Upon the foregoing opinion, it will be the judgment of the court that:

1. The relationship of debtor and creditor exists between the Bell Oil & Gas Company and the plaintiff, Oasis Oil Company.

2. The plaintiff, Oasis Oil Company, is entitled to judgment against the Bell Oil & Gas Company for all oil runs heretofore taken and purchased from the producing well on the leased premises, with directions to the Court Clerk to pay the impounded funds to the plaintiff.

3. James Fish is entitled to recover from the plaintiff, Oasis Oil Company, his cost and expenditures in drilling and equipping the two wells drilled under the contract which was rescinded on agreement of the two parties.

4. G. D. Crockett is denied any and all recovery against James Fish or the Oasis Oil Company.

5. Attorney fees sought by the Bell Oil & Gas Company are denied.

6. The costs of the action are to be taxed equally to the Oasis Oil Company and G. D. Crockett.

Counsel are directed to submit a journal entry in conformity with this opinion within ten days from this date.